## COUNTY OF LAMOILLE,

#### AT THE

### AUGUST TERM, 1871.

PRESENT :

Hon. ASAHEL PECK, ·
Hon. HOYT H. WHEELER,
Hon. HOMER E. ROYCE,  } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,

---

### WILLIAM SWIFT *v.* TOWN OF ELMORE.

*Soldier's Bounty.   Drafted Men.   Contract.   Past Consideration.*

A contract to pay a soldier a bounty, completed by a vote of the town, cannot be dis-
charged by a subsequent vote rescinding the former one.
The service and credit of a drafted man in reduction of a town quota, is sufficient con-
sideration to support a promise to pay him a bounty in a subsequent vote of the town.

SPECIAL ASSUMPSIT to recover a bounty.  Plea, the general
issue, and trial by jury, December term, 1870, REDFIELD, J., pre-
siding.

The plaintiff offered the certified copy of the warning, and vote
of the defendant town — the warning dated February 15th, 1864,

and the town meeting, March 1st, 1864. The vote was as follows :

"*Voted* to pay a bounty of $200 to each drafted man that has gone into the service from this town and is now in the service, has or shall die in the service, or shall be honorably discharged therefrom."

The plaintiff proved that he was a resident of the town of Elmore on the 17th of July, 1863, and from that time to the present, and that on that day he was drafted into the military service of the United States, and enrolled and drafted under its authority, and was mustered into such service on the 27th of the same July, and that he continued faithfully in such service until he was honorably discharged therefrom on the 18th July, 1865.

. The defendant then made proof that the enrollment, draft, and muster of the plaintiff was done by the officers of the national government, and under its authority, and not by any agency of the town of Elmore, and that his service was thus *constrained,* and not voluntary.

It further appeared that the plaintiff was credited to the defendant town, by order of the provost marshal general, on the 27th day of February, 1864. And it further appeared that the plaintiff had notice of the warning of said town meeting, a few days after its date, and also of said vote a few days after it was passed, by letter from his father, who also resided in Elmore. The exact time did not appear, but as soon as notice would reach him by due course of mail. The plaintiff testified that he relied on said vote, expecting the bounty therein offered.

The defendant then offered the vote of said town rescinding said former vote, on the 29th March, 1864.

Neither party claimed that there was any question of fact for the jury, but conceded that the case involved a mere question of law to be determined by the court.

The defendant claimed, as the plaintiff's service was not voluntary, but constrained, and as his situation was in no respect changed between the first and second vote of said town, the first vote was rightfully rescinded ; that the draft of the plaintiff, or his military service, was not at the instance or request of the de-

fendant, and the consideration being *past*, there was no legal consideration for the promise.

The court, *pro forma*, ordered a verdict for the plaintiff for two hundred dollars and interest from the date of his discharge, July 18th, 1865, and costs, to which the defendant excepted.

*Powers & Gleed*, for the defendant, maintained, among other things, that the plaintiff was constrained to perform this service, and the town in which he happened to reside was in no privity of obligation or duty with him, hence their promise of extra pay for that service stands on the footing of the promise of a stranger to pay A., the servant of B., extra wages for doing B.'s work, that he was already bound to do. Now if B. himself, who calls A. to service, should subsequently promise to pay extra wages in such case, there would be no consideration for such promise, and it would be *nudum pactum*. The mere performance of an act which the party was by law bound to perform, is not a sufficient consideration for a promise of extra pay for such performance. *Cummings* v. *United States*, 21 Law Reporter, 752; *Huston* v. *United States*, 22 Law Reporter, 52; *Russell* v. *Beck*, 11 Vt., 166; 26 U. S. Digest, page 13, syllabus 13. *A fortiori*, then such promise from a stranger would have no foundation to rest upon. See further on this subject, *Jackson* v. *Corbin*, 8 M. & W., 790, and note; Chitty on Contracts, 54, (9th American Ed.); *Willis* v. *Peckam*, 1 B. & B., 515; *Deacon* v. *Gridley*, 15 C. B., 294. The only consideration claimed in this case is a past or executed one. Now in the case of *executed* consideration no action is maintainable upon the promise unless there was an antecedent request, even if the services forming the consideration were *voluntary* and *beneficial* to the promissor. *Lamplough* v. *Brathwait*, 1 Smith's Leading Cases, 264, and notes; 1 Parsons on Contracts, 468; Chitty on Cont., 60. This antecedent request may in some cases be *implied*, but it is believed that no authority can be found where a past service can couple itself with a subsequent express promise and thus make a contract, except when the service was *voluntary*, and such cases are only supported upon the theory that the service being *volun-*

12

*tary,* the request will be *implied* — and these cases are exceptions to the general rule.

*George W. Hendee,* for the plaintiff, cited *Booth* v. *Fitzpatrick,* 36 Vt., 681 ; *Seymour* v. *Marlboro,* 40 Vt., 171 ; *Cox* v. *Mount Tabor,* 41 Vt., 28 ; *Harvey* v. *Peacham,* 42 Vt., 287 ; *Hickok* v. *Shelburne,* 41 Vt., 409 ; *Haven* v. *Ludlow,* 41 Vt., 418 ; *Rosebrooks* v. *Guildhall,* not reported ; *Baldwin* v. *North Branford,* 32 Conn., 47 ; *Bartholomew* v. *Harwinton,* 33 Conn., 408.

The opinion of the court was delivered by

Ross, J.   If the vote of the defendant town, March 1, 1864, to pay a bounty of $200 to each drafted man that had gone into the service from that town, and was then in the service, completed a contract, binding upon the town, to pay the plaintiff the sum voted, the defendant could not discharge the obligation thus assumed, by a subsequent vote, rescinding the former vote.   *Seymour* v. *Marlboro,* 40 Vt., 171 ; *Cox* v. *Mt. Tabor,* 41 Vt., 28 ; *Haven* v. *Ludlow,* 41 Vt., 418 ; *Laughton* v. *Putney,* 43 Vt., 485.

If the services of the plaintiff, though constrained, and his credit to and application in reduction of the quota of the town, though made before the passage of the vote, constituted a legal consideration for the defendant's promise to pay the bounty voted, the passage of the vote by the defendant completed a valid contract, which bound the defendant to pay the plaintiff the sum voted.   This court, after two arguments, in *Rosebrooks* v. *Guildhall,* decided at the August term, 1869, in Essex county, and not yet reported, held that the putting in by the plaintiff, who was drafted from Guildhall in July, 1863, at a considerable expense, of a substitute who subsequently, but prior to the vote, was credited on the quota of the town, and by which the plaintiff secured an exemption from service for three years, was a legal consideration for a direct vote of the town to pay the plaintiff a bounty, and that the plaintiff could enforce the collection of the bounty thus voted, although the substitute was put in by the plaintiff without the request of the town.   The same doctrine is held in *Laughton* v. *Putney,* 43 Vt., 485.   It is impossible to distinguish the

case at bar from those cases, in regard to the sufficiency of the consideration for the vote or promise. The services of a drafted man who periled his life in defense of his country, certainly ought to furnish as good and valuable a consideration for a promise to pay a bounty, as the services of one who procured an exemption from such service by the payment of money, and fought his country's battles by proxy.

The judgment of the county court is affirmed.

